IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jose Francesco Vasquez,<br><br>                    Petitioner,<br><br>vs.<br><br>North Dakota,<br>Mercer County Sherriff,<br>Arizona,<br>Yavapai County, and<br>South Dakota,<br><br>                    Respondents. | Case No. 1:25-cv-00283 |

**ORDER DENYING MOTION FOR WRIT OF HABEAS CORPUS AND TEMPORARY RESTRAINING ORDER**

[¶1] THIS MATTER comes before the Court on a Motion for Writ of Habeas Corpus and Temporary Restraining Order filed by the Petitioner on December 11, 2025. Doc. No. 1. For the reasons set forth below, the Petitioner's Motion is **DENIED**.

[¶2] On October 16, 2023, the Petitioner failed to appear at his sentencing for Criminal Case V1300CR202080702 in the Superior Court of the State of Arizona, County of Yavapai. Doc. No. 1-7. In response, the Yavapai County Superior Court issued a nationwide warrant the same day for the Petitioner's arrest. Id. On December 8, 2023, the Petitioner was arrested on the Arizona warrant in Bismarck, North Dakota. Id. He was released from custody in North Dakota on December 22, 2023, but was arrested again in South Dakota on March 1, 2024. Id. The Petitioner posted bond in the amount of $30,000.00 in South Dakota, but failed to turn himself in on the Arizona warrant. Id. On November 18, 2025, the South Dakota court exonerated the $30,000.00 bond and directed it be paid to the Yavapai County Superior Court. Doc. No. 1-4. On November 21, 2025, the

Petitioner was arrested a third time in Mercer County, North Dakota. He was released on November 25, 2025, after posting the $30,000.00 bond for the Arizona matter and signing a Promise to Appear before the Yavapai County Superior Court on December 15, 2025. Doc. Nos. 1-7, 1-9.

[¶3] Now, pursuant to 28 U.S.C. § 2241, the Petitioner requests that this Court stay enforcement of the promise to appear in Arizona on December 15, 2025, prevent the Yavapai County Superior Court from collecting the $30,000 bond, and issue a restraining order preventing Petitioner's transfer to Arizona for the proceedings pending before the Yavapai County Superior Court. Doc. Nos. 1-3, p. 4, 1-9.

[¶4] A writ of habeas corpus, as requested by Petitioner, may be issued if "[h]e is in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). A § 2241 petition must be brought in the district where the petitioner is incarcerated. Matheny v. Morrison, 307 F.3d 709 (8th Cir. 2002) (citing Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995)) ("A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated.").

[¶5] However, based on all the information provided and at the court's disposal, the Defendant is not currently in custody in North Dakota or elsewhere. See Doc. No. 1-7. This means § 2241 does not apply in this case and the Court cannot grant the relief requested pursuant to its terms. Accordingly, the Court does not have the authority to issue a writ of habeas corpus or prevent the Petitioner from being transferred to Arizona for the proceedings pending before the Yavapai County Superior Court on December 15, 2025.

[¶6] Moreover, under 28 U.S.C § 2283, the Court cannot grant an injunction for a stay of state court proceedings except in very limited situations not applicable to the facts in this case. Accordingly, the Court cannot issue a stay of enforcement of the Petitioner's promise to appear

before the Yavapai County Superior Court on December 15, 2025. Likewise, pursuant to § 2283, the Court does not have the authority to modify or prevent the Yavapai County Superior Court from collecting the $30,000.00 bond due in the Petitioner's case pending before the Yavapai County Superior Court.

[¶7]   The Court has reviewed the entire record, the relevant caselaw, and the arguments of the Petitioner. For the reasons set forth above, the Petitioner's Motion (Doc. No. 1) is **DENIED** in its entirety.

[¶8]   **IT IS SO ORDERED.**

DATED December 17, 2025.

Daniel M. Traynor, District Judge
United States District Court